# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:  (212) 885-5130
Fax:    (212) 885-5001
Email:  Martin.Krezalek@BlankRome.com

August 13, 2024

**VIA ECF FILING**

The Honorable John P. Cronan
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007-1312

    Re:    <u>*Fernandez v. Buffalo Jackson Trading Co., LLC*, Case No. 1:24-cv-04878-JPC</u>

Dear Judge Cronan,

    We are counsel for defendant Buffalo Jackson Trading Co., LLC and write, pursuant to Rule 6(A) of the Court's Individual Rules, to notify the Court of Buffalo Jackson's intent to file a motion to dismiss the Complaint, dated June 27, 2024, pursuant to Fed R. Civ. P. 12(b)(1).

    This case is one of many identical cases filed by Stein Saks on behalf of various serial plaintiffs targeting businesses for operating websites that are allegedly inaccessible to the blind and visually impaired in violation of Title III of the American Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA"). The website at issue in this case is https://buffalojackson.com/ (the "Website"). In its contemplated motion, Buffalo Jackson will demonstrate that the boilerplate Complaint should be dismissed under Rule 12 (b)(1) for lack of subject matter jurisdiction.

    For a plaintiff to have Article III standing, he must establish: (1) an injury in fact; (2) that a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To satisfy the injury in fact prong, the injury alleged must be "particularized," and "concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). "Particularized" injuries "affect the plaintiff in a personal and individual way." *Id*. Concrete injuries are "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. ——, ——, 141 S.Ct. 2190, 2206, 210 L.Ed.2d 568 (2021); *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63–64 (2d Cir. 2021)

    Here, applying the standards in the Second Circuit's decisions in *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442–43 (2d Cir. 2022) and *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022), Plaintiff has no standing for prospective relief under the ADA. *Harty* and *Calcano* make clear that a plaintiff has standing to bring a claim for an ADA statutory violation "only when he can show a current or past harm beyond the statutory violation itself," (*Harty*, 28 F.4th at 443),

Honorable John C. Cronan
August 13, 2024
Page -2-

and the plaintiff must "plausibly allege[] 'a real and immediate threat of future injury.'" *Calcano*, 36 F.4th at 75.

Plaintiff alleges that he "visited the Website multiple times, most recently on April 15, 2024 using a screen-reader." (Compl. ¶ 39). He claims that he "was denied a shopping experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from having an unimpeded shopping experience." (*Id*. ¶ 43). While he claims that the Website contains "access barriers [which] effectively denied Plaintiff the ability to use and enjoy [the] website the same way sighted individuals do. (*Id*. ¶¶ 44-46), Plaintiff does not plead any facts alleging any downstream consequences from having supposedly encountered any of these supposed issues. For example, Plaintiff does not explain where on the Website he supposedly encountered these supposed barriers, or when these barriers were encountered. Nor does he explain how those issues prevented him from making a purchase. This is fatal to his Complaint. *Harty*, 28 F.4th at 444 (allegations that a website deprived plaintiff of the information required to make meaningful choices fails to state an injury because an ADA plaintiff "must also allege downstream consequences from failing to receive the required information" in order to have an Article III injury in fact") *see also Laufer v. Dove Hess Holdings, LLC*, No. 20-CV-379, 2020 WL 7974268, at *11 (N.D.N.Y. Nov. 18, 2020) ("[W]here a tester plaintiff discovers and is offended by ADA violations on a website, but that website has no actual, specific relevance to that particular plaintiff beyond the plaintiff's desire to seek out and remedy ADA violations, no concrete and particularized injury has been alleged.").

Moreover, a plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that "she is likely to be harmed again <u>in the future</u> in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Such "threatened injury must be certainly impending to constitute injury in fact, and ... allegations of possible future injury are not sufficient." *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015). Here, Plaintiff's pleading of his intent to return is implausible. Plaintiff does not allege that he regularly visited or shopped at the Website. Indeed, Plaintiff's sole purported visit occurred just two months before he filed this lawsuit—along with 4 other identical lawsuits filed on the same day. Such allegations are inherently insufficient to establish a genuine intent to return. *See. e.g.*, *Martin v. Second Story Promotions, Inc.*, No. 1:22-CV-10438 (MKV), 2024 WL 775140, at *3 (S.D.N.Y. Feb. 26, 2024) ("The broader context in which Plaintiffs have prosecuted this action—and others—further undermines their assertions of claimed injury in fact . . ."); *Fontanez v. Valley Lahvosh Baking Co.*, Inc., No. 1:22-CV-5537 (MKV), 2023 WL 5390212, at *3 (S.D.N.Y. Aug. 22, 2023) (serial plaintiff who claimed to have visited the website only twice in a short period before filing the action failed to plausibly allege an intent to return); *Toro v. Gen. Store, LLC*, No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023) (allegations of two visits shortly before the filing of the lawsuit "raise[d] serious questions with respect to the plausibility that Plaintiff suffered injury as opposed to manufacturing a claim."); *Winegard v. Golftec Intell. Prop. LLC*, No. 23-CV-1244 (BMC), 2023 WL 3672540, at *3 (E.D.N.Y. May 26, 2023) (plaintiff who never

Honorable John C. Cronan
August 13, 2024
Page -3-

claimed to have patronized defendants' golf centers and only visited defendants' website immediately prior to filing his lawsuit failed to plausibly allege an intent to return).

To be sure, Plaintiff pleads in conclusory fashion that he "intends to visit the Website in the near future if it is made accessible" (Compl. ¶ 47). But these allegations are implausible when viewed in the larger context of Plaintiff's and his counsel's pleading habits.  Plaintiff's fill-in-the-blank contentions—*repeated verbatim across every other one of his complaints*—cannot be credited.[1] Calcano and its progeny make clear that such "conclusory allegations of intent to return . . . are not enough" to maintain ADA standing. *Calcano*, 36 F.4th at 72.  To survive dismissal, the complaint must include <u>factual allegations that render plausible</u> the assertion that the plaintiff intends to immediately return to the website to make a purchase. *See*, *e.g.*, *Golftec*, 2023 WL 3672540, at *5 (holding that standing requires more than parroting the legal standard); *Gen. Store, LLC*, 2023 WL 4624690, at *3 ("…[a] conclusory allegation of an intent to return (without more) is merely a legal conclusion couched as a factual allegation, and is thus insufficient to demonstrate an intent to return"); *Moo Organic Chocolates*, LLC, No. 21-CV-9816 (VEC), 2022 WL 17094631, at *3 (S.D.N.Y. Nov. 21, 2022) (granting jurisdictional discovery because court was skeptical of plaintiff's "not...particularly plausible" allegations of his desire to purchase chocolates from this particular seller); *Bunting v. Ogee, Inc.*, Case No. 1:21-cv-909-LDH (E.D.N.Y. Sept. 23, 2022) (dismissing complaint where plaintiff made "no allegations concerning regular use of the Website"); *Zinnamon v. Satya Jewelry II LLC*, Case No. 1:23-cv-781-VEC, 2023 U.S. Dist. LEXIS 74479, at *2 (S.D.N.Y. April 28, 2023) (allegation that plaintiff "intends to visit the Website in the near future if it is made accessible" was implausible and insufficient to allege standing under *Calcano*). The kind of "transparent cut-and-paste and fill-in-the-blank pleadings" used to commence website accessibility cases like this one are not enough to plausibly state an injury. *Calcano* 36 F.4th at 77 ("This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury.").

Buffalo Jackson looks forward to brief the above issues to the Court, and proposes the following schedule: <u>Motion:</u> September 2; <u>Opposition:</u> September 23; <u>Reply:</u> September 30.  In its motion, Buffalo Jackson will also respectfully request that discovery is stayed pending the resolution of the motion insofar as Buffalo Jackson will simultaneously move for limited jurisdictional discovery and (need be) an evidentiary hearing on the above-discussed threshold jurisdictional issue.

Respectfully submitted,

*/s/ Martin S. Krezalek*

---

[1] As Buffalo Jackson will demonstrate, the "intent to return" allegations are verbatim identical to the corresponding paragraphs in other cookie cutter complaints that Plaintiff and/or his counsel have filed in this District. If Plaintiff seeks to amend his Complaint to manufacture detail, his disingenuous pleading tactics will be exposed in Buffalo Jackson's motion to dismiss any amended complaint.