YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
MARK ROZENBERG▪
RAMI M. SALIM▲▪

▲ NJBar Admissions
^ CT & NJ Bar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

# Stein | Saks, PLLC

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

August 16, 2024

The Honorable John P. Cronan
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
**Via ECF**

    Re: *Fernandez v. Buffalo Jackson Trading Co., LLC*
      Docket No. 1:24-cv-04878-JPC
      **Plaintiff's Response to Defendant's Request for Pre-Motion Conference in Anticipation of Filing a Motion to Dismiss**

Dear Judge Cronan:

  We represent Plaintiff Felipe Fernandez ("Fernandez") in the above-captioned matter. We write in opposition to the request of Defendant Buffalo Jackson Trading Co., LLC ("Buffalo Jackson") for a pre-motion conference regarding their anticipated motion to dismiss. Plaintiff respectfully asks the Court to deny Defendant's request, by motion, to file a motion to dismiss, and deny the motion in its entirety. Plaintiff also requests the chance to amend to the complaint to address the Defendant's concerns regarding the exact technical issues that prevented the Plaintiff from using the website.

  "In a civil rights case—particularly one under the ADA—a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Walters v. Fischer Skis U.S., LLC*, No. 6:21-CV-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148, at *8 (N.D.N.Y. Aug. 10, 2022)(cleaned up)(citations omitted). "In the ADA context, [courts] have previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer … that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013).

  Defendant argues that Plaintiff has failed to establish injury-in-fact because the Complaint fails to sufficiently allege Plaintiff's intent to return to the website that is the subject of this lawsuit, www.buffalojackson.com ("Website"). Defendant argues that Plaintiff has not nudged his Complaint from the conceivable to the plausible with enough allegations to establish a bona fide intent to return to the Website. The Complaint alleges that Plaintiff visited the Website multiple times, the most recent being

April 15, 2024, and that he encountered barriers that denied full and equal access to the content and services offered on the Website. Dkt. # 1, ¶ 20. Plaintiff alleges that he wanted to purchase the Thompson leather moto jacket because "he was looking for a robust and stylish leather jacket that would offer both comfort and a classic aesthetic." *Id.* at ¶¶ 21, 22. He further alleges that he "sought a universal jacket for casual wear and which would suit any look." *Id.* at ¶ 22. Plaintiff found Buffalo Jackson's store particularly appealing because the "Website holds themselves out as an online store renowned for its high-quality leather goods and rugged outdoor apparel. They offer a variety of products including leather jackets, bags, wallets, and accessories that combine classic craftsmanship with durable materials designed for both casual and adventurous lifestyles. The Website also offers ten percent off a first purchase. Therefore, Plaintiff desired to buy products from the Website." *Id.* at ¶ 23.

These allegations are consistent with recent caselaw that has found Article III standing in the context of ADA website litigation. *See Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816, at *8-9 (S.D.N.Y. Nov. 22, 2022)(distinguishing *Calcano v. Swarovski North America Limited*, 36 F.4th 68 (2d Cir. 2022) and finding that the plaintiff adequately pled injury-in-fact based on an alleged interest in stomach repair supplements for her cousin and alleging a particularized interest in the website based on the defendant's commitment to staying "ahead of the curve"); *see also Davis v. Wild Friends Foods, Inc.*, No. 22-cv-04244 (LJL), 2023 U.S. Dist. LEXIS 115542, at *18-20 (S.D.N.Y. July 5, 2023)(distinguishing *Calcano* and finding that the plaintiff had adequately alleged intent-to-return where the plaintiff "alleges that he enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food," and where the defendant's honey butter is distinctive for its health-centric and environmentally friendly features); *see also Loadholt v. ShirtSpace*, No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924, at *6-7 (S.D.N.Y. Mar. 6, 2023)(finding intent to return adequately pled where "Plaintiff has alleged the specific product he intended to purchase—a T-shirt … where Defendant is an apparel retailer and where Plaintiff alleges that he was unable to navigate Defendant's website so that he could properly browse for a specific T-shirt and complete his purchase."); *see also Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, at *13-14 (S.D.N.Y. July 5, 2023)(finding intent-to-return adequately pled where the plaintiff "alleges that she has a hobby of collecting body lotions and oils from various brands and enjoys purchasing different branded lotions to add to her collection, and the website offers a specific oil, the Morroccanoil Dry Body Oil, which is a high quality body lotion that Plaintiff wants to add to her collection.").

Defendant leans heavily into *Calcano v. Swarvoski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) to undermine Plaintiff's interest in the Website. Defendant isolates particular paragraphs in the Complaint, reads them in a vacuum, and deduces from there that Plaintiff has failed to sufficiently allege facts setting forth a plausible reason why Plaintiff would return to the Website. For example, Defendant cites to paragraphs twenty-four and twenty-eight to argue that Plaintiff's allegations that he had visited the Website on multiple occasions "to make an appointment" and "intends to visit the Website in the near future…" are merely conclusory and entitled to no weight under *Calcano*.

Defendant's position is troubling because it ignores the basic allegations of the Complaint. Plaintiff does more than allege a conclusory interest in the Website. Plaintiff identifies the product he is interested in, Thompson leather moto jacket, explains that he is "looking for a robust and stylish leather jacket that would offer both comfort and a classic aesthetic," and ties his interest to the Website in particular by explaining why the Website gives him confidence in providing the kind of product that he is looking for, *to wit*, that the store offers "a variety of products including leather jackets, bags, wallets, and accessories that

*Fernandez v. Buffalo Jackson Trading Co., LLC*
August 16, 2024

combine classic craftsmanship with durable materials designed for both casual and adventurous lifestyles." Dkt. # 1, ¶¶ 21-23.

More to the point though, *Calcano* does not warrant a wholesale denial of the allegations of the Complaint. While the Second Circuit repudiated the plaintiffs' status as serial litigants and found that it undermined plaintiffs' standing, it only did so against the "backdrop of Plaintiffs' Mad-Libs-style complaints" and their utter failure to provide any relevant facts explaining their interest in the gift cards at issue in that case. *See Maddy*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503 at *16-17 (noting that the "'Mad-Libs-style complaints'" in *Calcano* were "highly suspect" not because the plaintiffs in that case "had filed numerous similar lawsuits, but also because the allegations in plaintiffs' complaints across the five lawsuits were replete with 'errors, oddities, and omissions.'"); *see also Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 83 (S.D.N.Y. 2022)("The PSAC is more detailed than the complaints the Second Circuit dismissed for lack of standing in *Calcano*, which 'fail[ed] to provide *any* details about [plaintiffs'] past visits' to defendants' public accommodations, the frequency of such visits, which items they purchased, or why they wanted to purchase certain items from the defendants.")(emphasis in original). Defendant fails to point to any similar shortcomings in the Complaint, or any of the other complaints that Plaintiff has filed, that would warrant the "Mad-Libs style" label.

Defendant also relies on *Calcano* to argue that Plaintiff has not provided any additional facts that would make Plaintiff's desire to return to the Website, plausible. Here again, *Calcano* is distinguishable. That case dealt with a very fungible product that is in widespread circulation in the marketplace, gift cards. *See Calcano*, 36 F.4th at 71. This case involves high quality leather products that offer both comfort and a classic aesthetic that would we great for casual wear and which would suit any look. It should come as no surprise then that Plaintiff would be highly selective about the product he wished to purchase when considering such a highly quality leather product. It therefore makes perfect sense that he intends on returning to the Website to complete his purchase.

For these reasons, this Court should deny Defendant's request for a pre-motion conference.

                                                         Respectfully submitted,

                                                         /s/ Rami Salim
                                                         Rami M. Salim, Esq.
                                                         Stein Saks, PLLC
                                                         One University Plaza, Suite 620
                                                         Hackensack, NJ 07601
                                                         Email: rsalim@steinsakslegal.com
                                                         *Attorney for Plaintiff*

cc:       All Counsel of Record via ECF