UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE FERNANDEZ, on behalf of himself and
all others similarly situated,

               Plaintiff,

   -against-

BUFFALO JACKSON TRADING CO., LLC,

               Defendant.

Case No.: 1:24-cv-04878-JPC

---

**DEFENDANT BUFFALO JACKSON TRADING CO., LLC'S REPLY MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020

165847.00001/151293234v.1

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT........................................................................................................... 2

    I.      PLAINTIFF FAILS TO ALLEGE A PAST INJURY ........................................ 2

    II.    PLAINTIFF FAILS TO PLAUSIBLY PLEAD AN INTENT TO
           RETURN.................................................................................................... 5

    III.   PLAINTIFF'S CITY LAW CLAIM SHOULD BE DISMISSED....................... 8

    IV.   THE COURT SHOULD ALLOW DISCOVERY INTO STANDING................. 8

    V.    TITLE III OF THE ADA DOES NOT APPLY TO STAND ALONE
           WEBSITES ............................................................................................... 9

CONCLUSION......................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. 98-208 Para Realty Corp.*,
No. 22 Civ. 2135 (MKB), 2023 WL 5827595 (E.D.N.Y. Sept. 8, 2023).............................. 2

*Calcano v. Swarovski N. Am. Ltd.*,
36 F.4th 68 (2d Cir. June 2, 2022) ...................................................................... 2, 6, 7, 8

*Dawkins v. Schott NYC Corp.*,
No. 22CV3617PKCTAM, 2023 WL 6283285, at *5 (E.D.N.Y. Sept. 26,
2023).......................................................................................................................... 2, 6

*Donet v. Isamax Snacks, Inc.*,
No. 123CV01286PAESDA, 2023 WL 6065626, at *2 (S.D.N.Y. Aug. 14,
2023), *report and recommendation adopted*, No. 23CIV1286PAESDA, 2023
WL 6066167 (S.D.N.Y. Sept. 18, 2023) ........................................................................ 4

*Fontanez v. Valley Lahvosh Baking Co., Inc.*,
No. 1:22-CV-5537 (MKV), 2023 WL 5390212 (S.D.N.Y. Aug. 22, 2023)....................... 6, 8

*Harty v. Nyack Motor Hotel Inc.*,
No. 19 Civ. 1322 (KMK), 2020 WL 1140783 (S.D.N.Y. Mar. 9, 2020) .............................. 3

*John v. Whole Foods Market Group, Inc.*,
858 F.3d 732 (2d Cir. 2017)............................................................................................ 4

*Kreisler v. Second Ave. Diner Corp.*,
731 F.3d 184 (2d Cir. 2013).............................................................................. 2, 3, 4, 5

*Maddy v. Life Time, Inc.*,
2023 WL 4364488 (S.D.N.Y. July 5, 2023) (Pl. Opp. )..................................................... 8, 9

*Martin v. City Hive, Inc.*,
No. 1:23-cv-4933 (OEM), (E.D.N.Y. July 19, 2024)......................................................... 9

*Martinez v. MyLife.com*,
No. 21-cv-4779-BMC (E.D.N.Y. Nov. 1, 2021)................................................................ 9

*Mejia v. High Brew Coffee Inc.*,
1:22-CV-03667-LTS, 2024 WL 4350912 (S.D.N.Y. Sept. 30, 2024)................................ 10

*Mendez v. Apple Inc.*,
No. 18-CV-7550, 2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019)....................................... 8

165847.00001/151293234v.1

*Mercedes v. Broadway Play Publishing, Inc.*,
    No. 1:23-cv-9519 (JMF), (S.D.N.Y. May 24, 2024)............................................................ 9

*Pallozzi v. Allstate Life Insurance Co.*,
    198 F.3d 28 (2d Cir. 1999) ................................................................................................. 9

*Rendon v. Berry*,
    2023 WL 3724795 ........................................................................................................... 5, 7

*Rendon v. Berry Glob. Inc.*,
    No. 22 CIV ......................................................................................................................... 5

*Rizzi v. Hilton Domestic Operating. Co.*,
    No. 18 Civ. 1127 (SJF) (ARL), 2020 WL 7000356 (E.D.N.Y. Aug. 11, 2020)..................... 2

*Sookul v. Fresh Clean Threads*,
    No. 1:23-cv-10164-GHW, 2024 WL 4499206 (S.D.N.Y. Oct. 16, 2024)........................... 10

*Suris v. Gannett Co.*,
    No. 20-CV-1793 (BMC), 2021 WL 2953218 (E.D.N.Y. July 14, 2021).............................. 9

*Tavarez v. Moo Organic Chocolates, LLC*,
    641 F. Supp. 3d 76 (S.D.N.Y. 2022)............................................................................... 8, 9

*Tavarez-Vargas v. Nouhaus, Inc.*,
    No. 21 CIV. 9959 (JPC), 2022 WL 125953 (S.D.N.Y. Jan. 13, 2022) ............................. 10

*Toro v. Gen. Store, LLC*,
    No. 1:22-CV-6130 (MKV), 2023 WL 4624690 (S.D.N.Y. July 19, 2023)........................ 6, 7

*Wahab v. White's Boots, Inc.*,
    No. 23 CIV 9018 (JHR) (GS), 2024 WL 3909083 (S.D.N.Y. Aug. 16, 2024)................. 2, 4

*Walters v. Fischer Skis U.S., LLC*,
    No. 6:21-CV-1115, 2022 U.S. Dist. LEXIS 142148 (N.D.N.Y. Aug. 10, 2022)
    (Pl. Opp. )............................................................................................................................ 4

*Winegard v. Golftec Intell. Prop. LLC*,
    No. 23-CV-1244 (BMC), 2023 WL 3672540 (E.D.N.Y. May 26, 2023)..................... 5, 7, 9

*Winegard v. Newsday LLC*,
    556 F. Supp. 3d 173 (E.D.N.Y. 2021)................................................................................ 9

**Other Authorities**

Fed. R. Civ. P. 12(b) (1)..................................................................................................... 1

Fed. R. Civ. P. 12(b) (6)................................................................................................... 1, 4

165847.00001/151293234v.1

Buffalo Jackson Trading Co., LLC ("Buffalo Jackson") respectfully submits this Reply Memorandum of Law in support of its Motion to Dismiss the First Amended Complaint by Felipe Fernandez ("Plaintiff") (the "FAC," ECF No. 9), pursuant to Fed. R. Civ. P. 12(b) (1) and (6).

**PRELIMINARY STATEMENT**

Plaintiff's law firm, Stein Saks, is no stranger to filing pleadings containing questionable copy & paste allegations. In 2021, Business Insider exposed that Stein Saks filed complaints on behalf of a plaintiff who had never reviewed or approved the filings, and which falsely included accessibility issues that the plaintiff did not encounter. Most egregiously, the complaints exaggerated the extent of the plaintiff's blindness.[1] In their opposition papers, Stein Saks strives to differentiate this Complaint from other form filings, in particular the dozens of identical complaints filed during the same timeframe. But in doing so, the opposition completely ignores the salient points established in Buffalo Jackson's moving papers, which prove that this is <u>not</u> a legitimate lawsuit by a *bona fide* consumer.

Plaintiff has failed to allege an injury because, as in all of his other form complaints, <u>all he does is plead the magic language</u>. He does not plead a single fact sufficient to *plausibly* suggest that he suffered a concrete and particularized injury and, most importantly, that he intends to return to this particular business to make a purchase. Plaintiff contends that his identification of a particular product (*Moto Leather Jacket*) gets him across the liberal pleading threshold. But Plaintiff ignores that scores of courts have dismissed complaints (including those filed by Stein

---

[1] *See* Jack Newsham, *One law firm brought hundreds of website accessibility cases. One of their clients says they 'beefed up' her disability in more than a dozen lawsuits*, BUSINESS INSIDER (August 6, 2021) available at https://www.businessinsider.com/blindness-web-accessibility-lawsuit-law-firm-flaws-screen-reader-ada-2021-8 Since this article is paywall protected, a copy is attached at Exhibit 12 to the accompanying Second Declaration of Martin S. Krezalek filed concurrently herewith.

1

Saks[2]) which also identified specific products. That is not enough to survive dismissal. Complaints with far more detail than the paltry allegations here have been dismissed with prejudice. This FAC cannot possibly survive dismissal under the present standard articulated by the Second Circuit in *Calcano*[3] and as applied in website cases by numerous post-*Calcano* district courts.

Plaintiff's demonstrably boilerplate FAC should be dismissed for lack of standing. But if the Court is inclined to deny the motion, Buffalo Jackson respectfully submits that the Court should allow discovery solely on the jurisdictional issue and, if necessary, hold an evidentiary hearing to resolve the disputed jurisdictional fact issues. Finally, if the Court finds that Plaintiff has standing, the FAC should nonetheless be dismissed because Plaintiff does not plead that he was preventing form accessing a *place* of public accommodation, or the goods or services thereof.

## ARGUMENT

## I.    PLAINTIFF FAILS TO ALLEGE A PAST INJURY

"To satisfy the first prong of the ADA standing test articulated in *Kreisler*[4]—a necessity for establishing injury in fact—an allegation of past injuries under the ADA must ... establish that such injuries were both concrete and particular to the plaintiff, and must do so with sufficient specificity." *Rizzi v. Hilton Domestic Operating. Co.*, No. 18 Civ. 1127 (SJF) (ARL), 2020 WL 7000356, at *3 (E.D.N.Y. Aug. 11, 2020), *R&R adopted*, 2020 WL 6253713 (E.D.N.Y. Oct. 23, 2020). "[V]ague, conclusory, and boilerplate allegations are [] insufficient to plead the first [*Kreisler*] factor, past injury." *Wahab v. White's Boots, Inc.*, No. 23 CIV. 9018 (JHR) (GS), 2024 WL 3909083, at *9 (S.D.N.Y. Aug. 16, 2024); *see also Adams v. 98-208 Para Realty Corp.*, No.

---

[2] *See*, *e.g.*, *Dawkins v. Schott NYC Corp.*, No. 22CV3617PKCTAM, 2023 WL 6283285, at *5 (E.D.N.Y. Sept. 26, 2023) (discussed at p. 15 of Buffalo Jackson's October 26, 2023 memorandum of law in support of its motion to dismiss).
[3] *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. June 2, 2022).
[4] *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184 (2d Cir. 2013).

2

22 Civ. 2135 (MKB), 2023 WL 5827595, at *4 (E.D.N.Y. Sept. 8, 2023) (ADA plaintiff's "vague" and "conclusory" allegations were "insufficient to raise a reasonable inference of past injury"); *Harty v. Nyack Motor Hotel Inc.*, No. 19 Civ. 1322 (KMK), 2020 WL 1140783, at *5 (S.D.N.Y. Mar. 9, 2020) ("…[plaintiff's] conclusory allegations and recitation of legal boilerplate simply do not compare to the kinds of factual allegations other plaintiffs have provided in similar cases").

In its moving papers, Buffalo Jackson established that Plaintiff failed to satisfy the first *Kreisler* factor by failing to articulate how the supposed barriers affected his ability to navigate the Website and/or complete the purchase he claims he intended to make. (Deft. Br. pp. 9-12). Plaintiff lists several supposed "access barriers" (See FAC ¶¶ 49-52), but he fails to articulate how or why these issues constitute barriers for purposes of the ADA. For example, Plaintiff complains that: "…when tabbing through active elements and links, they do not follow the same order as the page layout: left to right and top to bottom" (*Id*. ¶ 49); that he "attempted to add the item to the cart, he opened a dialog, and the focus order does not move from trigger button to dialog items. Assistive technology users should not be confused when they navigate through content, rather should encounter information in an order that is consistent with the meaning of the content and can be operated from the keyboard" (*Id*. ¶ 50); that "moving content on the home page has no mechanism to pause or stop the movement. The mechanism should be provided to allow the user to read moving content in a static window/area. The mechanism must be accessible to the assistive technology and keyboard" (*Id*. ¶ 51); and, finally, Plaintiff cuts & pastes two bullet points from some unspecified audit and alleges that "when attempting to pay the labels do not indicate whether or not form fields are mandatory ("Required"). One of the techniques is missing: • Text should indicate required field (this technique is preferable); • Asterisk should indicate required field (Important: the asterisk meaning should be defined at the start of the form)." (*Id*. ¶ 52).

3

Aside from being unintelligible, these allegations (even if true) are meaningless. Plaintiff's opinion of how information should be presented on a website does not rise to the level of statutory law (or regulations thereunder). Plaintiff fails to explain what makes these issues "access barriers." He identifies no authority (cites to no language in the ADA or any regulations) that obligates Buffalo Jackson to provide the features he complains are missing, nor does he identify any WCAG guidelines that are implicated. (*See id*. ¶¶ 49-52). Plaintiff pleads no actual injury and simply concludes that he was "*denied a shopping experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations . . .*" (*Id*. ¶ 46). In his opposition, Plaintiff does not address this deficiency and instead makes nonsensical conclusory statements like: "*Plaintiff has suffered harm by the very nature of discrimination itself.*" (Pl. Opp. at 7).

Plaintiff posits that he does not have to provide detail about the specific access barriers encountered. (Pl. Opp. 8-9). Plaintiff is wrong. Dismissal is warranted where a plaintiff fails to identify any actionable barriers and fails to connect the supposed barriers to any specific harm that he suffered. While Plaintiff cites a pre-*Calcano* case, *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 738 (2d Cir. 2017), to argue that his carbon copy pleading habits are sufficient (Pl. Opp. p. 8),[5] he ignores that, under the present standard, conclusory statements "without more factual detail" are legally insufficient to satisfy the first *Kreisler* factor. *See Wahab*, 2024 WL 3909083, at *10 (dismissing Stein Saks complaint: "[i]t is not impossible that each of these barriers existed on the [website] and caused [p]laintiff injury. But [p]laintiff's bare, boilerplate allegation

---

[5] Plaintiff relies on *Walters v. Fischer Skis U.S., LLC*, No. 6:21-CV-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148, at *9-11 (N.D.N.Y. Aug. 10, 2022) (Pl. Opp. at 8). But that case is inapposite because, there, the plaintiff offered details, including identifying specific access barriers on the website, in particular the "'Remember' and 'Compare' buttons, the cart confirmation window, and the 'Freeride' product page." Plaintiff's reliance on *Donet v. Isamax Snacks, Inc.*, No. 123CV01286PAESDA, 2023 WL 6065626, at *2 (S.D.N.Y. Aug. 14, 2023), *report and recommendation adopted*, No. 23CIV1286PAESDA, 2023 WL 6066167 (S.D.N.Y. Sept. 18, 2023) (Pl. Opp. at 9) is similarly misguided. *Donet* involved a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6), and not a Rule 12(b)(1) motion challenging subject matter jurisdiction like here.

4

that this was so simply cannot be taken at face value. At the very least, Plaintiff must allege some facts explaining which barriers impeded her ability to purchase the Lace-to-Toe boots and how they did so."); *Rendon v. Berry Glob. Inc.*, No. 22 CIV 10420 (CM), 2023 WL 3724795, at \*4 (S.D.N.Y. May 30, 2023) (plaintiffs failed to explain, *inter alia*, what information Plaintiffs were unable to access; how this impacted their decision whether or not to make a purchase; and what downstream injury they suffered by not making the purchase).

## II.    PLAINTIFF FAILS TO PLAUSIBLY PLEAD AN INTENT TO RETURN

Plaintiff pleads for a return to the pre-*Calcano* standard when courts would find "Article III standing based on allegations establishing the basic facts of intent to return." (Pl. Opp. p. 9). This Court should decline Plaintiff's invitation.  The law on ADA standing evolved in direct response to the scourge of serial ADA website litigation, which has been described as a "scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements such that the means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals)." *Winegard v. Golftec Intell. Prop. LLC*, No. 23-CV-1244 (BMC), 2023 WL 3672540, at \*4 (E.D.N.Y. May 26, 2023).

Today, in the context of websites, the third *Kreisler* requirement can only **"be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website**." *Berry Glob.*, 2023 WL 3724795, at \*3 (emphasis added).  The FAC is devoid of any such allegations.

Plaintiff does not articulate which allegations nudge his FAC across the line from conceivable to plausible. In his opposition papers, Plaintiff argues that he satisfied his obligation to provide plausible factual support for the critical allegation that he intends to return to the website

because "[t]aken as a whole, Plaintiff's allegations persuasively explain why he is interested in returning to the Website to purchase the Jacket. He wanted a high-quality, classic leather motorcycle jacket – exactly what Defendant provides via its Website." (Pl. Br. p. 10). To be sure, Plaintiff cites the correct standard: "the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges 'a real and immediate threat of future injury." (Pl. Br. p. 10, *quoting Calcano*). But Plaintiff fails to differentiate his case from the scores of cases where, applying that standard, similar (even better pled) complaints were dismissed because of their implausible cookie-cutter assertions of standing. (Deft. Br. pp. 13-21).

For example, Plaintiff fails to rebut the cases which make clear that an intent to return is not found where a plaintiff alleges one specific prior visit. Indeed, numerous courts have held that even two visits immediately prior to filing the lawsuit are insufficient and, if anything, support finding of implausibility. *See Dawkins v. Schott NYC Corp.*, No. 22CV3617PKCTAM, 2023 WL 6283285, *5 (E.D.N.Y. Sept. 26, 2023) (dismissing complaint where plaintiff alleged two visits prior to filing); *Fontanez v. Valley Lahvosh Baking Co., Inc.*, No. 1:22-CV-5537 (MKV), 2023 WL 5390212, at *1 (S.D.N.Y. Aug. 22, 2023) ("Fontanez visited the Website five times in 2022— twice before filing the complaint in this action (May 24 and June 2), and three more times while this case was pending (July 1, August 2, and September 30)"); *Toro v. Gen. Store, LLC*, No. 1:22-CV-6130 (MKV), 2023 WL 4624690, at *3 (S.D.N.Y. July 19, 2023) ("That the first visit occurred a mere week before Plaintiff filed this action, and that the second visit occurred only three days before she filed her amended complaint, is conspicuous to say the least"). Moreover, identifying a product that Plaintiff intended to purchase is not enough. (Deft. Br. 16-17). *See Fontanez*, 2023 WL 5390212, at *2 (claiming an intent to purchase the "Heart Content" package); *Dawkins*, 2023

6

WL 6283285, at *5   (claiming an intent to purchase a "classic perfecto" leather jacket); *Toro*, 2023 WL 4624690, at *4 (claiming an intent to purchase a specific pair of gold earrings).

Plaintiff's argument that "the fact that he filed many other website accessibility-based suits does not mean he has not demonstrated Article III standing in this case" misses the mark.   (Pl. Br. p. 11). The issue is not simply the sheer number of similar cases, but the demonstrably repetitive boilerplate allegations asserted across his many other complaints. (Deft. Br. pp. 17-19).   As Buffalo Jackson demonstrated, Plaintiff's insincere and formulaic allegations of why he "desired to buy products from the Website" (and scores of other websites) cannot be credited. (Deft. Br. pp. 18-19, n.14).   Similarly, Plaintiff's "plead the magic language" allegations of his intent to return cannot be taken seriously given his professed intent to return to the many other websites he sued over the past few months.   *See Toro*, 2023 WL 4624690, at *3 ("…the frequency with which Plaintiff has filed these near-identical complaints is arresting, and should not be ignored. Indeed, the Second Circuit has explained that when a series of 'carbon-copy complaints' have been filed, courts should take notice of 'the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings.").   For this reason, this Court cannot ignore Plaintiff's (and Stein Saks's) serial filing history and disingenuous pleading practices, which directly "bear[] on the plausibility of [Plaintiff's] standing claim," *Golftec*, 2023 WL 3672540, at *3; *see also Rendon v. Berry*, 2023 WL 3724795, at *6  ("The complaints in these actions contain the same "cut-and-paste and fill-in-the-blank" allegations that existed in *Calcano*, which only serves to underscore the implausibility of Plaintiffs' claims.").   Indeed, Plaintiff does not even attempt to rebut Buffalo Jackson's showing that the most critical paragraphs in his Complaint reflect a blatant cut & paste job repeated across all of his complaints. (Deft. Br. pp. 18-19).   Nor does Plaintiff contest that, if the allegations across all of complaints were credited,

Plaintiff has represented to several courts that he intends to immediately purchase a host of products from multiple retailers. (*Id.*). These allegations defy credulity and need not be accepted.

Plaintiff's opposition papers do not fall far from the cut & paste tree. In arguing that the totality of circumstances weigh in favor of finding a plausible intent to return, Plaintiff declares that "…the question is not whether particular paragraphs plead the magic words 'I intend to return,' but whether, taken as a whole, Plaintiff's interest in returning to the Website is a plausible one." (Pl. Br. p. 11). Plaintiff concludes that, "[g]iven the circumstances behind **Plaintiff's interest in clothing sets for his child**, the answer is an obvious 'yes.'" (*Id.*) (emphasis added). Plaintiff's counsel's mistaking this case (where the client supposedly wants a leather motorcycle jacket) with a case involving children's clothes is part of a larger pattern of filing pleadings filled with "errors, oddities, and omissions" reflecting their "mass production," all of which render Plaintiff's standing allegations implausible. *Calcano*, 36 F.4th at 77–78. The FAC should be dismissed.

## III. PLAINTIFF'S CITY LAW CLAIM SHOULD BE DISMISSED

Plaintiff claims that "Even if Plaintiff's ADA claims are dismissed, Plaintiff's NYCHRL claims are judged by a different standard and survive." (Pl. Opp. at 13). Plaintiff mistates the law. It is well established that an "NYCHRL claim is governed by the same standing requirements as the ADA claim." and that where the plaintiff "lacks standing under the ADA, the NYCHRL claim must also be dismissed for lack of standing." *Valley Lahvosh*, 2023 WL 5390212, at *4 (*citing Mendez v. Apple Inc.*, No. 18-CV-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).

## IV. THE COURT SHOULD ALLOW DISCOVERY INTO STANDING

In his opposition papers, Plaintiff relies heavily on *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022) and *Maddy v. Life Time, Inc.*, 2023 WL 4364488 (S.D.N.Y. July 5, 2023) (Pl. Opp. at 8-9, 10-12). But Plaintiff conveniently omits the salient parts

8

of these decisions where the judges expressed deep skepticism about the plaintiffs' allegations. *See Moo Organic*, 641 F. Supp. 3d at 83; *Maddy v. Life Time, Inc.*, 2023 WL 4364488, at \*9. Plaintiff also ignores *Mercedes v. Broadway Play Publishing, Inc.*, No. 1:23-cv-9519 (JMF), at \*2 (S.D.N.Y. May 24, 2024) and *Martin v. City Hive, Inc.*, No. 1:23-cv-4933 (OEM), at \*1 (E.D.N.Y. July 19, 2024), where two judges granted defendants' motions for limited jurisdictional discovery and for an evidentiary hearing in cases involving nearly identical complaints filed by Stein Saks. (Deft. Br. p 23). The fact that the lawyers immediately dismissed the cases when the plaintiffs' depositions were noticed supports Judge Cogan's observation that these cases are part of a "disturbing pattern" of cases that are not filed for legitimate reasons. (*See* Krezalek Decl. ¶ 15).[6]

## V.    TITLE III OF THE ADA DOES NOT APPLY TO STAND ALONE WEBSITES

Plaintiff devotes much of his brief to arguing that websites are places of public accommodation. (Pl. Br. pp 15-20). While Buffalo Jackson does not have enough space in this (10 page) reply memorandum to extensively rebut Plaintiff's expansive view of the ADA, we respectfully submit that, as several courts in this Circuit have correctly found, a stand-alone website like Buffalo Jackson's is not a place of public accommodation. In particular, we refer the Court to Judge Komitee's decision in *Winegard v. Newsday*, where the court dismantled the notion that the Second Circuit's decision in *Pallozzi v. Allstate Life Insurance Co.*, 198 F.3d 28 (2d Cir. 1999) supports (much less compels) the conclusion that Congress intended for websites to covered under Title III of the ADA.[7] Further, we refer the Court to the meticulous and well-reasoned recent

---

[6] *Golftec Intell. Prop. LLC*, 2023 WL 3672540, at \*4 ("Having presided over dozens or hundreds of these cases (the filings have increased and are increasing at a staggering number), they almost always follow a disturbing pattern: A serial plaintiff, represented by one of a handful of lawyers, uses a form complaint that unnecessarily cites the legal and policy goals of the ADA but contains few facts pertaining to the plaintiff. Although this Court sets initial conferences early on in the case, it is rare that such a conference ever occurs – the cases settle prior to the conference.").
[7] *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021); see also *Martinez v. MyLife.com*, No. 21-cv-4779-BMC (E.D.N.Y. Nov. 1, 2021); and *Suris v. Gannett Co.*, No. 20-CV-1793 (BMC), 2021 WL 2953218 (E.D.N.Y. July 14, 2021).

opinions by Judges Swain and Woods, where those courts found that statutory construction principles (*ejusdem generis* and *noscitur a sociis*) supported that Congress intended for the term "place" of public accommodation to apply to *physical places*.[8] The undersigned counsel examined this recent shift in jurisprudence in a recent New York Law Journal article.[9]

In the event that the Court finds that Plaintiff has standing, the FAC should be dismissed under Rule 12(b)(6).  Likewise, if the Court dismisses the FAC for lack of standing, Plaintiff should not be allowed to further amend because any such amendment would be futile.  Finally, Buffalo Jackson requests that discovery be stayed pending the resolution of this motion which, among other things, seeks to prioritize discovery on the threshold issue of Plaintiff's standing.

## CONCLUSION

For the foregoing reasons, Buffalo Jackson respectfully requests that the FAC be dismissed with prejudice, or that jurisdictional discovery and/or an evidentiary hearing be ordered.

Dated: New York, New York
November 22, 2024

BLANK ROME LLP

By: */s/ Martin S. Krezalek*
Martin S. Krezalek
martin.krezalek@blankrome.com
1271 Avenue of the Americas
New York, New York 10020
Tel. (212) 885-5000

*Attorneys for Defendant Buffalo Jackson, Inc.*

---

[8] *Sookul v. Fresh Clean Threads*, No. 1:23-cv-10164-GHW, 2024 WL 4499206, at *6 (S.D.N.Y. Oct. 16, 2024); *Mejia v. High Brew Coffee Inc.*, 1:22-CV-03667-LTS, 2024 WL 4350912, at *3 (S.D.N.Y. Sept. 30, 2024).  This Court has previously directed serial ADA plaintiffs' counsel seeking default judgment to address whether websites of businesses with no public-facing, physical retail operations are excluded from the definition of "places of public accommodations."  *See Tavarez-Vargas v. Nouhaus, Inc.*, No. 21 CIV. 9959 (JPC), 2022 WL 125953, at *1 (S.D.N.Y. Jan. 13, 2022) ("Accordingly, counsel should be prepared to discuss at the March 2, 2022 hearing whether the Complaint alleges a valid cause of action under the Americans with Disabilities Act")
[9] Martin S. Krezalek, *A Website is Not a 'Place.' What Took So Long To Get This Right?*, NYLJ, Nov. 21, 2024 at 1, col 2)

10